IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOE WILLIAMS,

    Petitioner,

vs.                                    Case No. 4:08cv566-MP/WCS

FLORIDA PAROLE COMMISSION,

    Respondent.

    _____/

## REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2254 PETITION

    Petitioner filed a habeas corpus petition using the form for filing a 28 U.S.C. § 2241 petition, with a memorandum of law and notice of filing exhibits. Docs. 1, 2 and 3. He paid the filing fee.

    Petitioner is in state custody pursuant to the judgment of a state court, and the petition was construed as filed pursuant to 28 U.S.C. § 2254. Doc. 5 (order, incorporated herein by reference). As the petition was not in proper form Petitioner was directed to file an amended petition, but also advised the amended petition would likely be subject to summary dismissal. Doc. 5, p. 3. He was advised that the setting of a presumptive parole release date (PPRD) by the Florida Parole Commission

(Commission) was not a cognizable claim, as there is no liberty interest in a PPRD entitled to due process protection. *Id.*, pp. 3-4 (collecting cases, including Damiano v. Florida Parole and Probation Com'n, 785 F.2d 929, 932 (11th Cir. 1986) ("even though the PPRD is binding on the Commission, it does not create a liberty interest or require due process protections.") (citation omitted)).

Petitioner filed a notice of filing amended petition, amended petition, and memorandum of law. Docs. 8, 9 and 10.[1] In the notice of filing, Petitioner claims that the Commission acted outside its statutory authority and jurisdiction so its actions are void and a nullity without legal effect, that it lacked jurisdiction over the subject matter which cannot be forfeited or waived, and violated due process. Doc. 8, pp. 2-3.[2] He concludes that, because the court construed his petition as filed under § 2254, "there is no need for the Petitioner to show cause to justify his failure to raise such claim's [sic] in his 28 U.S.C. § 2241 Petition. As the same facts would apply to this U.S.C. § 2254 petition." Doc. 8, citations omitted. Petitioner's point here is not apparent.

In the amended petition, Petitioner asserts that:

---

[1] There are no exhibits attached to the amended memorandum, which apparently relies on the exhibits submitted with the notice of filing, in support of the initial petition and memorandum (doc. 3). Though contrary to the amending order (doc. 5, p. 5, stating that the amended petition must be filed in its entirety and be accompanied by two identical copies *including* any supporting memorandum or exhibits), the court looks to the exhibits previously supplied. References to exhibits are to those as marked by Petitioner and submitted with doc. 3, followed in parenthesis by the reference to corresponding pages in ECF (electronic case filing).

[2] Petitioner also claims that the judgment is void under Fed.R.Civ.P. 60(b)(4), and he is entitled to relief from judgment under 60(b)(4) and 60(b)(5). "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

Case No. 4:08cv566-MP/WCS

> Parole Commission did committed avoid judgment [sic], when it acted in a manner that's inconsistent with due process of law by using illegal grounds to have petitioner['s] presumptive release <u>date setoff by five years</u>.

Doc. 9, p. 5. He claims that his PPRD was extended from July 12, 2007, to July 12, 2012, with his next interview in five rather than two years. *Id.*, p. 6.[3] Petitioner asserts that the Commission "committed a void judgement, by using illegal grounds and insufficient information that is legally insufficient and prejudice mislead [sic] and untrue as a matter of law." *Id.*, p. 8. He claims that a sufficient document was not filed with the Commission to show Petitioner committed the act alleged, but the sworn statement of Petitioner's wife shows "beyond any doubt" that he did not do what was alleged. *Id.* See also doc. 10 (memorandum of law), pp. 5-6 (contending that since there was no copy of a report to justify the Commission's actions, the sworn statement of Petitioner's wife proves his actual innocence).

Petitioner claims that the Commission deviated from legal requirements and did not comply with the law. Doc. 10, pp. 5-7. He asserts that the Commission claims a psychological problem but did not file documents, and the failure of the trial court to review all records, including a psychological evaluation, denies due process. *Id.*, p. 8. Without accurate information, it is argued, the Commission's judgment is void and without legal effect. *Id.*

---

[3] As to the initial petition the court noted it was "not clear if he asserts error, constitutional or otherwise, in the setting of his next interview." Doc. 5, p. 3. Likewise in the amended petition, Petitioner has not specified such a claim.

A review of Petitioner's exhibits reveals no due process or other violation. An interview was held on March 28, 2007, and the hearing examiner recommended extending Petitioner's PPRD by 36 months.

> Since the last parole interview of 8/3/05 and the last Commission action of 9/28/05, inmate Williams' institutional conduct has been unsatisfactory as evidenced by the following processed disciplinary record:
>
> > 5/13/06 - Disorderly conduct - 60 day loss of gain time, 30 days disciplinary confinement
> >
> > 5/13/06 - Escape or Attempt - 365 days loss of gain time, 60 days disciplinary confinement
>
> In addition, since the last parole interview and Commission action, Williams' custody was upgraded from minimum to close.

Ex. A (doc. 3-2, p. 2 in ECF). At a Commission meeting on May 16, 2007, the Commission relied on the reasons listed by the examiner, but extended Petitioner's PPRD by 60 months, to July 12, 2012. *Id.* This Commission action was certified by the clerk on May 25, 2007. *Id.*

The Commission's response to Petitioner's state court petition for writ of habeas corpus (Ex. B) references the disciplinary reports and change of custody status as exhibits in support. Ex. D, pp. 2-3, 7-10 (doc. 3-2, pp. 26-27, 33-36). While at a transition center participating in substance abuse services, Petitioner was with his wife in the visiting park and allegedly threw a rock at her car as she was leaving. *Id.*, p. 10 (doc. 3-2, p. 36) (referencing exhibits). Later that day when he was left unattended while awaiting transport he ran away towards the road, and had to be carried back to the facility by two officers. *Id.* (referencing exhibits).

In denying relief, the state court discussed the two disciplinary reports, Petitioner's discharge from the substance abuse work release program, and change in his supervision level, all part of the record before it.  Ex. E, pp. 2-3 (doc. 3-2, pp. 45-46).

The court noted:

> Although Plaintiff alleges that these disciplinary reports are without merit, his challenges are inappropriate.  As a result of the May 13, 2006 disorderly conduct charge Plaintiff was placed in disciplinary confinement for thirty (30) days and he lost sixty (60) days of earned gain time.  (Respondent's Ex. H).  As a result of the May 13, 2006 Escape charge Plaintiff was placed in disciplinary confinement for sixty (60) days and lost 365 days of earned gain time.  If the Plaintiff believed that the disciplinary reports were unwarranted, or that the procedures used by the Department violated his due process rights, he could have appropriately challenged the disciplinary reports via a timely filed Petition for Writ of Mandamus.  As there is no indication that the disciplinary reports were overturned this court must accept the Department's administrative findings.

Ex. E, p. 3, n. 2 (doc. 3-2, p. 46 in ECF).

The trial court noted that the Commission is bound by the examiner's factual findings but not the recommendation.  *Id.*, p. 4 (doc. 3-2, p. 47) (citing Florida cases).  The mental health claim was rejected, as "the record reflects the sole basis for the extension of his PPRD were his institutional conduct and change in his custody status." *Id.*

Petitioner submits the statement of his wife dated March 11, 2008.  She avers that:

> My husband and I, fore number # 1 did not get into no - any argument when I was there at the work release center visiting my husband. However, pursuant to the visit been over, I then proceeded to leave by driving away from the center parking lot, and I did not see or acknowledge any such act on my husband behalf of throwing any brick or rock toward our car. . . . Please do what it right let my husband come home.

Ex. F2 (doc. 3-2, p. 67 in ECF) (errors in original).  This predated the trial court's order of March 31, 2008, but is not specifically mentioned in the order.  It may not have been part of the record or the court may have discounted it as part of Petitioner's challenge to the disciplinary reports which should have been raised previously.  In any event, the statement (made long after the Commission meeting of May 16, 2007), was not before the Commission when extending Petitioner's PPRD.

The statement that Petitioner's wife "did not see or acknowledge" him throw something at her car *as she drove away*, does not necessarily even conflict with the allegation that he did it; it certainly does not disprove it.[4]  It is completely irrelevant to the charge of escape (occurring the same day after she left), or the change in his security level.

As previously noted, Petitioner did not have a liberty interest in his PPRD entitled to due process.  Doc. 5, pp. 3-4 (collecting cases).  "Unless there is a liberty interest in parole, the procedures followed in making the parole determination re not required to comport with standards of fundamental fairness."  Slocum v. Georgia State Bd. of Pardons & Paroles, 678 F.2d 940, 942 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).  While "the use of false information in a parole file can be a due process violation, prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim.  Without evidence of the Board's reliance on false

---

[4] A disciplinary finding need only be supported by "some evidence." Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985) (for due process "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citations omitted).

information, a prisoner cannot succeed." Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001), *citing* Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir.1991).[5]

It seems particularly significant that the allegedly unproven or false claims relied on in extending this Petitioner's PPRD were two charges which also resulted in the loss of gain time. The loss of gain time was entitled to minimal due process,[6] and Petitioner could have challenged the disciplinary proceedings and loss of gain time. He did not. The Commission was entitled to rely on these findings as valid. *Id. Cf* Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-404, 121 S.Ct. 1567, 1574, 149 L.Ed.2d 608 (2001), and Daniels v. United States, 532 U.S. 374, 382, 121 S.Ct. 1578, 1583 149 L.Ed.2d 590 (2001) (§ 2255 case).[7]

---

[5] In Monroe the court found that the *admitted* use of false information in making a parole decision violated due process. 932 F.2d at 1442. The Fifth Circuit thought the protections created in Monroe were "in essence inconsistent with subsequent precedent" in the Eleventh Circuit and "effectively overruled." Johnson v. Rodriguez, 110 F.3d 299, 308, n. 13 (5th Cir. 1997). At any rate, "our precedent is definite and precise on this point: in the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." *Id.*

[6] Where state law creates a liberty interest in the retention of good time credits, deprivation of good time for disciplinary infractions requires minimal due process, which includes: written notice of charges at least 24 hours in advance of a hearing; the opportunity to call witnesses and present documentary evidence if not "unduly hazardous to institutional safety or correctional goals;" assistance from a fellow inmate or staff where appropriate; impartiality of the hearing committee, and a written statement of the factfinders as to the evidence relied upon and the reasons for their action. Wolff v. McDonnell, 418 U.S. 539, 564-71, 94 S.Ct. 2963, 2978-82, 41 L.Ed.2d 706 (1974). As noted *supra*, n. 4, "some evidence" must support the finding to satisfy due process.

[7] Under those cases, once a conviction is no longer open to direct or collateral attack in its own right (because defendant failed to pursue available remedies or pursued them unsuccessfully), the conviction may be regarded as conclusively valid and used to enhance a later sentence. The prior conviction may not then be challenged in an attack on the enhanced sentence, with the exception of prior convictions with the "unique constitutional defect" of failure to appoint counsel for an indigent defendant.

Petitioner did not have a liberty interest, and cannot state a claim for violation of due process.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging the extension of Petitioner's PPRD by the Florida Parole Commission, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2009.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

Lackawanna, 532 U.S. at 404, 121 S.Ct. at 1574 (citations omitted).